IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Martin Francisco Salazar, | ) | C/A No. 1:07-3248-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States Department of Energy, | ) | |
| Samuel W. Bodman, Secretary of Energy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This breach of contract matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (Docket Entry 30.) The plaintiff, Martin Francisco Salazar ("Salazar"), who is self-represented, filed this action which stems from a previous employment dispute. That dispute was resolved by a settlement agreement entered into between the parties on June 10, 2004, while the plaintiff's administrative charge was pending before the Equal Employment Opportunity Commission ("EEOC"). Salazar contends that the defendants, United States Department of Energy and Samuel W. Bodman, Secretary of Energy (collectively "DoE"), breached the settlement agreement by disclosing certain information to third parties.

A review of the Complaint (Docket Entry 1) and Salazar's filings in the instant case show that the allegations raised by Salazar in this action were the subject of a previous lawsuit. Salazar v. United States Dep't of Energy, et al., C/A No. 1:07-cv-02176-MBS. In that case, the Honorable Margaret B. Seymour, United States District Judge, granted summary judgment for the defendants. See Order filed March 27, 2009, Salazar v. United States Dep't of Energy, et al., C/A No. 1:07-

02176-MBS. Consequently, these precise claims have already been litigated and decided adversely to Salazar. Thus, this action is barred by the doctrines of res judicata and collateral estoppel. See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) ("[I]f the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented'") (quoting In re Varat Enters., 81 F.3d 1310, 1315 (4th Cir. 1996)); Jones v. Sec. Exch. Comm'n, 115 F.3d 1173, 1178 (4th Cir. 1997) (holding that for claim preclusion to apply, there must be a final judgment on the merits in the prior suit; identity of the cause of action in both the earlier and later suit; and identity of the parties or their privies in the two suits); see also Montana v. United States, 440 U.S. 147, 153 (1979) (stating that collateral estoppel bars subsequent litigation of factual and legal issues common to two or more actions that were "actually and necessarily determined by a court of competent jurisdiction" in the first case); Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998) (listing elements required to establish collateral estoppel).

Salazar acknowledges that the two cases are similar but asserts that the issues and relief sought in this matter are different from those in C/A No. 1:07-02176-MBS. (See Compl., Docket Entry 1 at 2.) The court has closely reviewed the complaints in the two matters and finds that, although Salazar includes in the instant Complaint additional paragraphs elaborating on his claims, the issues and relief sought are identical. (Compare Compl., Docket Entry 1 with Am. Compl., Docket Entry 18 in C/A No. 1:07-02176-MBS.) Moreover, under Fourth Circuit law regarding issue and claim preclusion, Salazar's assertion that he now seeks a different form of relief—enforcement of the settlement agreement rather than monetary damages—does not save the instant suit from being barred, since he could have sought enforcement in the previous proceeding, see Orca Yachts, 287

PJG

F.3d at 318 (holding that res judicata precludes re-litigation of every matter actually adjudicated *or that might have been presented*), and because the predicate issues necessary to recovering any form of relief have already been decided adversely to him. See Sedlack, 134 F.3d at 224 ("Collateral estoppel forecloses 'the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate.'") (alteration in original) (quoting Ramsay v. United States Immigration & Naturalization Serv., 14 F.3d 206, 210 (4th Cir. 1994).

## RECOMMENDATION

For the foregoing reasons, and for all the reasons stated in the court's order dated March 27, 2009 in C/A No. 1:07-02176-MBS, the court recommends that the defendants' motion for summary judgment (Docket Entry 30) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 24, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).