IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Martin Francisco Salazar,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　C/A No. 1:07-3248-MBS
　　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　**O R D E R**
United States Department of Energy;　　　)
Samuel W. Bodman, Secretary of Energy, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　　)
_____)

　　　　Plaintiff Martin Francisco Salazar was employed by the United States Department of Energy, Savannah River Operations Office. Plaintiff filed the within action on September 26, 2007, alleging that he had filed discrimination complaints with the Merit Systems Protection Board (MSPB) and Equal Employment Office (EEO). The dispute was resolved by a Settlement Agreement signed on June 10, 2004 that required him to withdraw or drop all EEO and MSPB matters. In exchange, according to Plaintiff, Defendant "proposed and demanded" his early retirement. See generally Complaint, ¶¶ 4, 5. Plaintiff alleges Defendant breached the Settlement Agreement by disclosing certain information to third parties, which resulted in Plaintiff's being indicted and the issues purportedly protected by the Settlement Agreement being published in local newspapers. Id. at ¶ 7, 8. Plaintiff seeks to have the dismissal of his discrimination complaints set aside to allow him to pursue damages for Defendant's alleged discriminatory conduct.

　　　　In addition, Plaintiff noted in his complaint that:

The Plaintiff has a pending law suit in this Court, and although it is similar the issues and relief are different. The pending case is No. 1:07-2176-MBS-BM, the case involves the same parties Martin F. Salazar, Plaintiff, and the United States Department of Energy, Samuel Bodman, Secretary. This case was assigned to

Magistrate Judge Bristow Marchant, and Filed on or about July 15, 2007 in this court.

Id. at 2. The court takes judicial notice that summary judgment was granted in favor of Defendants in C/A No. 1:07-2176-MBS on March 27, 2009.

This matter is before the court on motion for summary judgment filed by Defendants on November 26, 2008 (Entry 30). Defendants contend, among other things, that the within action is barred by the doctrines of claim preclusion and issue preclusion. By order filed December 1, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on January 8, 2009.[1]

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On July 24, 2009, the Magistrate Judge filed a Report and Recommendation in which she noted that she had closely reviewed the within complaint and the complaint in C/A No. 1:07-2176-MBS, and found that the issues and relief sought are identical. Accordingly, the Magistrate Judge determined that Plaintiff's complaint is barred by the doctrine of issue preclusion. The Magistrate Judge also determined that, to the extent Plaintiff seeks a different form of relief, the within action is barred by claim preclusion. The Magistrate Judge recommended that Defendants' motion for summary judgment be granted.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

---

[1] Plaintiff filed a motion to stay action with a response in opposition to Defendants' motion attached. See Entry 34. The Magistrate Judge denied the motion to stay on April 17, 2009 (Entry 39).

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

On August 27, 2009, Plaintiff filed a motion for extension of time until December 10, 2009 to respond to the Report and Recommendation. The court finds that the interests of justice would not be served by extending Plaintiff's time to respond for an additional ninety days. Plaintiff's motion for extension of time (Entry 47) is **denied**.

In his motion, Plaintiff also offered, in the alternative, a "limited response" to the Report and Recommendation. Plaintiff contends that (1) the Magistrate Judge erred in failing "to address specific matters to the claim of which issues are identical? In order for the Plaintiff to properly respond"; (2) the issues stem from matters of racial discrimination and were not addressed in the Report and Recommendation; and (3) he has only now become aware that the judge who presided at his criminal trial is the same individual reviewing his civil matters (Entry 47). The court will consider the objections raised by Plaintiff.

As the Magistrate Judge fully discussed in her Report and Recommendation, the precise claims alleged in the within complaint previously have been litigated and decided adversely to Plaintiff. He is barred from relitigating both identical issues of fact or law, or those issues that he had a full and fair opportunity to litigate in previous filings. See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (citing In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996)); Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998). Plaintiff's

3

objections are without merit. To the extent that Plaintiff moves to recuse the undersigned, his motion is denied.

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary judgment (Entry 30) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 2, 2009

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**